UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 17-101-DCR-1 |
| | ) | and |
| V. | ) | Civil Action No. 5: 23-041-DCR |
| | ) | |
| FERNANDO RAFAEL LARA SALAS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Fernando Rafael Lara Salas filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on December 19, 2020. [Record No. 192] He contends that his trial and appellate attorneys provided constitutionally ineffective assistance. [*Id.* at pp. 4-5] This Court granted Lara Salas' § 2255 motion regarding his claim of ineffective assistance of appellate counsel but denied the defendant's remaining claims as moot. [Record No. 212, p. 3]

Lara Salas has now filed a second § 2255 motion in which he reasserts the claims against his trial attorney that were previously denied as moot. [Record No. 242] Specifically, he argues that his trial counsel was ineffective for failing to communicate a plea offer, to call witnesses to testify, and to challenge his sentence enhancement under 21 U.S.C. §§ 841 and 851. [*Id.* at pp. 4-8] The defendant further claims that the Court erred by failing to to properly instruct the jury on the elements of his felon in possession charge under *Rehaif v. United States*. [*Id.* at p. 6] The motion has been fully briefed and is ripe for review.

## I. Background

A federal grand jury indicted Lara Salas for one count of conspiring to distribute cocaine in violation of 21 U.S.C. § 846 (Count 1), one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3), two counts of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(1) and (5)(A) (Counts 4, 5), and one count of unlawful reentry in violation of 8 U.S.C. § 1326(a) and (b)(1) (Count 6). [Record No. 92] Additionally, the defendant was indicted on five counts of possessing controlled substances with the intent to distribute them in violation of 21 U.S.C. § 841(a)(1): one count involving cocaine (Count 2), one involving tramadol (Count 8), one involving fentanyl (Count 9), one involving methamphetamine (Count 10), and one involving methylenedioxyamphetamine (Count 11). [*Id.*] Attorney Jeffrey Darling was appointed to represent the defendant under the Criminal Justice Act. [Record No. 4]

The United States filed a notice pursuant to 21 U.S.C. § 851 after Lara Salas' indictment, indicating that he would be subject to an enhanced statutory punishment if convicted under Counts 1 or 2. [Record No. 11] It noted that the defendant's prior federal conviction for possessing cocaine would render him eligible for an enhancement under 21 U.S.C. § 841(b)(1). [*Id.* at p. 1]

Following a three-day trial in January 2018, a jury convicted Lara Salas of all counts. [Record No. 107] The defendant wrote to the Court shortly after his trial to express dissatisfaction with his attorney. [Record No. 141] He complained that Darling was "not effective in [his] defense" because counsel rarely visited with him, "never discussed any plea deal with [him]," and did not present exculpatory evidence at trial. [*Id.*]

- 2 -

Darling presented billing records regarding his meetings with Lara Salas at a hearing on the defendant's letter.  Counsel noted that the government's proposed plea agreement required the defendant to plead guilty to enhanced cocaine trafficking, which carried a mandatory minimum sentence of 20 years.  [*Id.* at pp. 3-4]  Darling stated that, while he communicated the proposed agreement to Lara Salas, plea negotiations "never really got off the ground" because the government's offer to dismiss charges did not benefit the defendant in light of the applicable mandatory minimums.  [*Id.* at pp. 8-9]  Darling further explained that he met with Lara Salas six times prior to trial and that "every time [counsel and the defendant] talked, we were going to trial."  [Record No. 166, pp. 9-10, 12]

The Court questioned Lara Salas regarding the allegations in his letter.  [*Id.* at pp. 11-17]  In response, Lara Salas stated that he did not remember whether Darling informed him about the United States' plea offer, but that he recalled counsel telling him that "[the government] could give [him] 20 years."  [*Id.* at p. 11]  He further asserted that his attorney failed to review discovery with him or to procure evidence of fingerprints, videos, and phone calls in preparation for trial.  [*Id.* at pp. 12-15]

As the Court explained, the evidence the defendant sought, such as fingerprint evidence, "may be helpful evidence to the government, but [it is] not required."  [*Id.* at p. 15]  The Court also found that the defendant's claims that Darling failed to meet with him lacked credibility, stating in relevant part:

> I find specifically that your attorney, Mr. Darling, provided very effective assistance of counsel.  Specifically, he did cross-examine witnesses, he did review discovery, and he did review that discovery with you.  Perhaps not as much as you would have liked, but he reviewed discovery with you.  And he also met with you on numerous occasions, more than you have indicated to the Court.  I also find that he discussed with you the plea offer that was made by the United States, despite the fact that you continue to deny that.

I take not only his statements [into] consideration, but also information the Court has received from interpreters that have asked for reimbursement for traveling to Grayson County to meet with you and Mr. Darling.  You continue to assert your innocence in this case, and that's really what this comes down to, is you disagree with the jury's verdict.  And at this point you're looking for someone to blame.  But what you've done inadvertently is you have allowed me to consider an ineffective assistance of counsel claim prior to sentencing, and hold an evidentiary hearing in doing that, and I found that you have made false statements to the Court in that effect.

So your claim of ineffective assistance of counsel is bogus.  And this is where we stand at this point.

[*Id.* at pp. 17-18]  Despite determining that Darling effectively represented Lara Salas, the Court granted the defendant's request for new counsel and appointed Thomas Lyons to represent the defendant during the sentencing phase of the case.  [*Id.* at p. 18]

Lara Salas' Presentence Investigation Report (PSR) contained a recommendation to apply an enhancement to the defendant's base offense level under § 3B1.1(a) of the United States Sentencing Guidelines because the defendant held a leadership role in the drug trafficking conspiracy.  [Record No. 179, ¶ 35]  The PSR further contained a recommendation to apply an enhancement under U.S.S.G. § 3C1.1 because Lara Salas obstructed the administration of justice when he made false statements regarding Darling's representation.  [*Id.* at ¶ 36]  The probation officer recommended a Total Offense Level of 38 and a Criminal History Category of III, resulting in a suggested sentencing range of 352 to 425 months' imprisonment.  [*Id.* at ¶ 77]  The PSR further noted that the defendant was subject to a mandatory minimum sentence of 20 years' imprisonment for Counts 1 and 2 pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851.  [*Id.* at ¶ 76]

Lyons objected to both guidelines' enhancements and to the amount of drugs attributed to the defendant.  [Record No. 183, pp. 2-4]  The Court sustained the defendant's objection to

the § 3C1.1 enhancement but overruled the other objections to the PSR.  [*Id.* at p. 43]  As a consequence, the Court determined that the defendant's correct combined guidelines range was 295 to 353 months' imprisonment, and the applicable mandatory minimum term was 300 months' imprisonment.  [*Id.* at p. 48]  A a sentence of 353 months' imprisonment was ultimately imposed.  This consisted of 293 months for Counts 1, 2, 9, 10, and 11, to run concurrently with a sentence of 120 months on Counts 4, 5, 6, and 8; and 60 months' imprisonment to run consecutively to the sentences for all other counts.  [Record No. 175]

Lara Salas appealed the judgment to the United States Court of Appeals for the Sixth Circuit.  [Record No. 176]  The circuit court granted Lyons' motion to withdraw as counsel for the defendant after Lara Salas retained attorney John Tennyson to represent him during the appeal.  [Record No. 180]  The circuit court granted the defendant's motion to voluntarily dismiss his appeal several months later.  [Record No. 184]

Lara Salas filed his first § 2255 motion in December 2019.  [Record No. 192]  Thereafter, the Court granted the motion, in part, after finding that the defendant received ineffective assistance of appellate counsel because Tennyson improperly advised Lara Salas to dismiss his appeal.  [Record No. 212]  The Court then directed the Clerk to file a timely Notice of Appeal on Lara Salas' behalf.  [*Id.* at p. 3]

During the second appeal, the defendant claimed that insufficient evidence supported seven of his convictions, that the sentencing Court erred in applying a sentencing enhancement under section 3B1.1(a) of the guidelines, and that one of his two firearm convictions should be vacated because both convictions "arose from the same act involving the same firearm." [Record No. 236]   The Sixth Circuit, however, concluded that the defendant's convictions were supported by sufficient evidence and that this Court properly applied section 3B1.1(a) in

- 5 -

calculating the guidelines range for incarceration.  [*Id.* at pp. 4-6]  The court also determined that one of the defendant's firearm convictions should be vacated, but found that resentencing the defendant was not required because he received concurrent 120-month sentences for each conviction.  [*Id.* at p. 6]  This Court then filed an amended judgment imposing the same sentence of 353 months' imprisonment.  [Record No. 239, p. 3]

Lara Salas timely filed the instant § 2255 motion, asserts three claims against his attorney.  He contends that Darling provided constitutionally ineffective assistance by failing to: (i) communicate the government's plea offer; (ii) call a co-conspirator (Nestor Barron) to testify or to impeach the government's evidence at trial; and (iii) object to the application of an enhancement under 21 U.S.C. § 851.  [*Id.* at pp. 4-8]  The defendant also claims that the Court erred by failing to instruct the jury on the felon in possession charge in accordance with *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  [*Id.* at pp. 4, 6]

The United States objects to the defendant's motion.  [Record No. 247]  It notes that the Court previously addressed the defendant's claim regarding counsel's alleged failure to inform him of the government's proposed plea agreement and determined that the claim was baseless.  [*Id.* at p. 6 (citing Record No. 166)]  The government explains that the defendant did not demonstrate that Darling's choice not to call Barron to testify was ineffective or that counsel failed to exercise due diligence in investigating the government's evidence.  [*Id.* at pp. 7-8]  It further argues that the defendant's claim that counsel should have challenged his § 851 enhancement fails because his prior trafficking conviction was a predicate offense under 21 U.S.C. § 841(b)(1) at the time Lara Salas was sentenced.  [*Id.* at p. 9]  Similarly, the government argues that the Court was not required to instruct the jury according to the holding

in *Rehaif* because that case was decided in June 2019, "well over a year after the conclusion of Lara Salas's trial and almost exactly one year after his sentencing [hearing]." [*Id.* at p. 10]

The government has also submitted an affidavit from Darling in which counsel describes his efforts in preparing for Lara Salas' trial. [Record No. 247-1] Darling explains in the affidavit that he met with Lara Salas several times before trial and that "each time they spoke about the possibility of entering into a plea agreement. On each and every occasion, the defendant was adamant he was not guilty and that he wished to proceed at trial." [*Id.* at p. 2] Counsel further notes that he did not call the defendant's co-conspirator as a witness because Barron's attorney "would not let [Darling] talk to Barron or consider allowing him to testify in Lara Salas' behalf." [*Id.* at p. 3] Darling further explains that Barron's testimony "would have been quite damaging to Lara Salas' defense" because the evidence demonstrated that the two defendants conspired to commit drug trafficking. [*Id.* at pp. 3-4]

Darling contends that he was not ineffective for failing to challenge the jury instructions regarding Lara Salas' felon in possession charge because *Rehaif* had not been decided at the time of trial. [*Id.* at p. 4] Finally, he explains that enhancing the defendant's sentence under § 851 was proper because "at the time of trial . . . 21 U.S.C. § 851 required a 'prior conviction for a felony drug offense,' which the defendant did in fact have." [*Id.*]

## II.  Legal Standard

A prisoner has a statutory right to collaterally attack his conviction or sentence pursuant to 28 U.S.C. § 2255. To succeed on a § 2255 claim, the prisoner must show that that the sentence was unlawful, that the court lacked jurisdiction, that the sentence was "in excess of the maximum authorized by law," or that the sentence is "otherwise subject to collateral attack." "A motion brought under § 2255 must allege one of three bases as a threshold

standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

### III.  Analysis

### A.  Ineffective Assistance of Trial Counsel

A defendant's right to counsel under the Sixth Amendment is violated when counsel's performance falls below an objective standard of reasonableness and the defendant is prejudiced by counsel's performance. *Henness v. Bagley*, 766 F.3d 550, 554 (6th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  Here, Lara Salas claims that he is entitled to relief because his attorney's conduct violated his right to effective assistance of counsel protected by the Sixth Amendment to the United States Constitution.

Under the first prong of *Strickland*, courts "strongly presume" that counsel "made all significant decisions in the exercise of reasonable professional judgment" and "take care to avoid 'second-guessing'" an attorney's use of discretion. *Lundgren v. Mitchell*, 440 F.3d 754, 759-60 (6th Cir. 2014); *see also Strickland*, 466 U.S. at 690.  To satisfy the second prong, the movant must demonstrate that counsel's deficient performance would have changed the outcome of the proceeding, considering "the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695-96.  In other words, to show prejudice, a movant must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  A movant must establish his claim of ineffective assistance by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### 1. Failure to Communicate Plea Offer

Lara Salas first asserts that counsel was ineffective for failing to communicate the United States' proposed plea offer. [Record No. 242, p. 4] In his reply, the defendant explains that any discussions with his attorney about the government's plea agreement were "nothing more than empty promises without substance." [Record No. 248, pp. 1-2] He further contends that "his lack of speaking and/or understanding the English language" impacted his ability to understand plea negotiations between his attorney and the government. [*Id.* at p. 2]

A defendant's right to counsel "extends to the plea bargaining process," and defense counsel has a duty to "communicate the terms of a formal offer to accept a plea on terms and conditions that may result in a lesser sentence, a conviction on lesser charges, or both." *Missouri v. Frye*, 566 U.S. 134, 138, 145 (2012). To demonstrate prejudice due to counsel's failure to communicate a plea offer, a defendant must show that, "but for the ineffective advice of counsel[,] there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

Lara Salas has not met his burden of demonstrating that Darling was ineffective during plea negotiations. As this Court determined previously, Darling met with Lara Salas multiple times before trial and communicated the government's proposed plea agreement to the defendant. [Record No. 166, pp. 17-18] Lara Salas' unsubstantiated claims to the contrary are insufficient to satisfy *Strickland*'s first prong.

But even if Lara Salas could demonstrate that Darling failed to communicate the government's plea offer, he cannot show prejudice resulting from this alleged conduct.  The defendant has failed to demonstrate that, if not for his attorney's alleged failure to communicate, he would have accepted the government's plea agreement.  At the status conference on the defendant's request to remove Darling as counsel, the attorney for the United States explained that "[t]here wasn't a lot of back and forth" over the plea agreement that was sent to defense counsel because the defendant "was firm that he wanted a jury trial."  [Record No. 165, p. 4]

And the government's statements are consistent with Darling's account.  Counsel claims that each time he spoke with Lara Salas about the government's plea offer "the defendant was adamant he was not guilty and that he wished to proceed at trial."  [Record No. 247-1, p. 2]  Lara Salas has not provided *any* evidence to contradict or undermine the assertions of his trial attorney or the attorney for the United States.  *See, e.g., Smith v. Cook*, 956 F.3d 377, 393 (6th Cir. 2020) (rejecting defendant's claim that he was prejudiced by attorney's failure to inform him of a 27-year plea offer before trial because the defendant did not rebut attorney's statement that the defendant was not interested in the plea deal).

The defendant's argument in his reply brief that he is entitled to relief because he could not understand conversations about his plea agreement is equally unavailing.  The Court Interpreters Act requires that an interpreter be provided for a party if the court determines that he or she "speaks only or primarily a language other than the English language . . . so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer."  28 U.S.C. § 1827(d)(1).  To determine whether the objectives of the Act have been met, a court must consider whether the party needing translation "ha[d]

comprehension of the proceedings and . . . [had] the means to communicate effectively with counsel." *United States v. Rodriguez*, 211 F. App'x 467, 469-70 (6th Cir. 2006) (citation omitted).

Lara Salas has failed to demonstrate that he was deprived of his rights under the Court Interpreters Act at any stage of the proceedings. He was provided with an interpreter for every appearance before the Court and at each meeting with counsel. [*See* Record Nos. 3, 6, 17, 49, 67, 84, 97, 98, 99, 148, 171, 247-1.] And to the extent Lara Salas felt that the interpretation services provided were inadequate, he could have expressed such dissatisfaction to counsel or to the Court at any time. The absence of any notice to the Court that the defendant struggled to comprehend the proceedings against him strongly undermines the claim that Lara Salas could not understand plea negotiations. *See Valladares v. United States*, 871 F.2d 1564, 1566 (11th Cir. 1989) ("Only if the defendant makes any difficulty with the interpreter known to the court can the judge take corrective measures. To allow a defendant to remain silent throughout the trial and then, upon being found guilty, to assert a claim of inadequate translation would be an open invitation to abuse.").

Finally, Lara Salas claim that the Court erred by questioning him about his dissatisfaction with counsel without providing *another* attorney to assist him also fails. The Court properly held a hearing after receiving the defendant's letter alleging that counsel failed to adequately represent him. [*See* Record Nos. 141, 144, 149.] *See also Benitez v. United States*, 521 F.3d 625, 632 (6th Cir. 2008) (holding that if a defendant expresses serious dissatisfaction with his attorney, "the district court is obligated to inquire into the defendant's complaint and determine whether there is good cause for [substituting counsel]").

Lara Salas has not explained how having another attorney present during the withdrawal hearing would have affected the outcome of the case.  The Court granted Lara Salas' request for withdrawal and appointed a new attorney to represent him at sentencing. [Record No. 149]  Because the defendant's request for new counsel was successful, he cannot show that Darling's failure to assist him at the withdrawal hearing prejudiced him in any way.

### 2. Failure to Call Witnesses and Impeach Government Evidence

Lara Salas next claims that his attorney provided ineffective assistance by failing to call a witness to testify during trial and to "call expert witnesses or/and move to impeach any of [the government's] illegal chain of custody evidence." [Record No. 242, p. 5]  This claim fails under both *Strickland* prongs because he has not demonstrated that counsel's trial strategy was unreasonable or how counsel's decisions prejudiced the outcome of his case.

"The decision whether to call a witness is generally a matter of trial strategy and, absent a showing of prejudice, the failure to call a witness does not deprive a defendant of effective assistance of counsel." *Samatar v. Clarridge*, 225 F. App'x 366, 372 (6th Cir. 2007) (citing *State v. Williams*, 600 N.E.2d 298, 304 (Ohio App. 3d 1991)).  Here, counsel explained that he declined to call Lara Salas' co-conspirator because Barron's attorney would not permit the co-defendant to testify on Lara Salas' behalf.  [Record No. 247-1, p. 3]  Additionally, as Darling explained, Barron's testimony would not have benefitted the defendant.  Barron admitted to facts in his plea agreement "support[ing] that Barron was part of a conspiracy with the defendant," which, if anything, would have been damaging to Lara Salas' defense.  [*Id.* at p. 3]  Lara Salas has not demonstrated that counsel's decision not to call Barron as a witness was anything other than sound trial strategy, which "courts should decline second-guessing." *Samatar*, 225 F. App'x at 372.

- 12 -

Similarly, Lara Salas has failed to demonstrate that trial counsel's decision not to call expert witnesses was ineffective.  [Record No. 242, p. 5]  The Sixth Circuit has recognized that "in many criminal cases trial counsel's decision not to seek expert testimony 'is unquestionably tactical because such an expert might uncover evidence that further inculpates the defendant.'"  *Samatar*, 225 F. App'x at 372 (citation omitted).  Here, the defendant has not identified any expert witnesses that Darling failed to call, nor has he established how, if an expert witness had testified, that testimony would have been material to his defense.  *See Hutchison v. Bell*, 303 F.3d 720, 748 (6th Cir. 2002) (noting that a defendant claiming that counsel was ineffective for failing to present evidence at trial bears the burden of showing "what evidence counsel should have pursued and how such evidence would have been material").

Finally, Lara Salas has not shown that counsel's decision not to challenge the government's evidence was ineffective.  "[T]he mere failure to object to evidence . . . does not render counsel ineffective."  *Lockett v. Arn*, 740 F.2d 407, 412 (6th Cir. 1984).  The defendant's conclusory allegations that the government presented "illegal chain of custody evidence" at trial, without explaining which of the government's evidentiary practices were suspect or how counsel should have objected, are insufficient to satisfy *Strickland*'s first prong.  And even if Lara Salas had explained which evidence counsel should have challenged more thoroughly, he has not demonstrated how excluding that evidence would have changed the outcome of his case.  In short, Lara Salas has not presented any evidence to rebut the "strong presumption" that his attorney's conduct "[fell] within the wide range of reasonable professional assistance."  *Frazier v. Huffman*, 343 F.3d 780, 794 (6th Cir. 2003).

### 3.  Failure to Object to § 851 Enhancement

Finally, Lara Salas argues that Darling was ineffective for failing to challenge the Court's application of a sentence enhancement pursuant to 21 U.S.C. § 851.  He contends that the enhancement was erroneously applied because he "does not have the proper 'serious' drug felony or violent felony" under the First Step Act of 2018.  [Record No. 242, p. 8]  This claim fails because the relevant law was properly applied during the defendant's sentencing hearing.

Prior to the First Step Act, 21 U.S.C. § 841(b)(1)(A) provided that a defendant who violated certain provisions of the statute "after a prior conviction for a felony drug offense has become final" would be subject to an enhanced sentence.  A "felony drug offense" is defined as a "an offense that is punishable by imprisonment for more than one year . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  *See United States v. Brown*, No. 21-1663, 2023 WL 1861318, at *9 (6th Cir. Feb. 9, 2023) (citing 21 U.S.C. § 802(44)).

The First Step Act amended § 841, in part, to provide that a defendant may only qualify for an enhancement if he was previously convicted of a "serious drug felony."  *See id.* (citing First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5220–21).  While a "felony drug offense" requires that the offense conduct "relat[e] to" controlled substances, a "serious drug felony" is defined as "(1) a 'serious drug offense' under 18 U.S.C. § 924(e)(2)(A), for which the defendant (2) served over a year in prison and (3) was released within fifteen years of the commencement of the instant offense."  *United States v. Fields*, 53 F.4th 1027, 1036-38 (6th Cir. 2022).

The United States notified Lara Salas that he would be subject to an enhanced sentence if convicted of Counts 1 or 2 because he "has a prior final drug felony conviction for possession

of cocaine in U.S. District Court for the Eastern District of Kentucky." [Record No. 11]   The defendant's possession conviction constitutes a prior "felony drug offense" because the statute of conviction "criminalize[s] conduct 'relating' to drugs." *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) ("The use of the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense' clearly indicates that the statute encompasses drug offenses that involve the simple possession of drugs."). Accordingly, the defendant's prior conviction for a "felony drug offense" made him eligible for a sentence enhancement under 21 U.S.C. § 841(b)(1).

Thus, whether the defendant's prior conviction qualifies for an enhancement under 21 U.S.C. § 841(b)(1) as amended by the First Step Act is irrelevant because the Act was not in effect at the time of his sentencing.  Lara Salas was sentenced on June 29, 2018, while the First Step Act because effective December 21, 2018.  [Record No. 172]  Lara Salas cannot seek relief under the First Step Act because the provision of the Act amending the definition of "felony drug offense" does not apply retroactively.  *See United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) ("[T]he First Step Act is largely forward-looking and not retroactive, applying only where 'a sentence for the offense has not been imposed as of [the] date of enactment.'") (citing Pub. L. No. 115-391, 132 Stat. 5194).

### B.  Alleged Improper Jury Instructions Under *Rehaif v. United States*

Lara Salas also argues that he is entitled to relief because the jury was not properly instructed on the elements of his felon in possession charge.  [Record No. 242, p. 6]  He contends that the Court should have instructed the jury that it was required to find that the defendant knew that he was a felon to convict him under section 922(g), in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  The Supreme Court held in *Rehaif* that establishing a

violation of 18 U.S.C. § 922(g) requires proving both "that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

The United States contends that this claim is untimely.  It explains that *Rehaif* was decided on June 21, 2019, or "well over a year after the conclusion of Lara Salas' trial and almost exactly one year after his sentencing." [Record No. 247, p. 10 (citing *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) ("Before *Rehaif*, the government could obtain a felon in possession conviction without proving that the defendant knew he had previously been convicted of a felony.")]  Additionally, the government claims that the defendant's *Rehaif* claim is barred under 28 U.S.C. § 2255(f)(3), which provides that claims rooted in a right recognized by the Supreme Court must be filed within one year of the Court's recognition of that right.  [*Id.*]

The United States correctly states that section 2255(f)(3) imposes a "1-year period of limitation," which "shall run from . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  But contrary to the government's argument, the defendant filed his initial § 2255 motion seeking relief under *Rehaif* on December 26, 2019, within one year of the Supreme Court's decision.  [*See* Record No. 192, p. 10.]  As such, this claim falls within the one-year period established under section 2255(f)(3).

However, while Lara Salas initially sought relief within a year of the date *Rehaif* was decided, he cannot bring his claim under § 2255(f)(3) because *Rehaif* was not intended to apply retroactively.  The Sixth Circuit has not directly addressed whether *Rehaif* constitutes a "newly

recognized" right under § 2255(f)(3).  But the circuit court in *Khamisi-El v. United States* rejected a defendant's attempt to raise a claim under *Rehaif* in a successive § 2255 motion, explaining that "[t]he rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'"  800 F. App'x at 349 (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019)).

Additionally, this Court has applied the reasoning of the *Khamisi-El* court in rejecting a defendant's challenge pursuant to *Rehaif* in an initial § 2255 petition.  In *United States v. Clay*, another judge in this district reasoned that the one-year limitation period under § 2255(f)(3) would not apply to the defendant's claim because the *Rehaif* Court "did not 'newly recognize' a right, nor did it even imply (much less expressly state) the new statutory interpretation was retroactive."  No. 3: 13-15-GFVT-MAS, 2020 WL 4005647, at *2 (E.D. Ky. June 26, 2020).  That holding is consistent with the decisions in other districts, which recognize that *Rehaif* does not apply retroactively to non-successive § 2255 petitions.  *See, e.g., United States v. Smart*, No. 5: 18-CR-00647, 2021 WL 5040467, at *2 (N.D. Ohio Oct. 29, 2021) (finding that *Rehaif* does not apply to defendant's initial § 2255 petition because the decision "did not announce a new substantive rule"); *United States v. Battle*, No. 16-017, 2020 WL 4925678, at *4 (W.D. Pa. Aug. 21, 2020).  *But see Franklin v. United States*, No. 3: 19-cv-00589, 2023 WL 2466355, at *3 (M.D. Tenn. Mar. 10, 2023) (finding that *Rehaif* claims are available on initial collateral review "[b]ased upon the differences in the statutory language between initial and successive petitions and in the absence of any controlling Sixth Circuit authority to the contrary").  The undersigned concluded that Lara Salas cannot seek relief under *Rehaif* because that decision was not made retroactive on collateral review.

- 17 -

Even if *Rehaif* applied retroactively, the defendant's claim would be denied as procedurally defaulted. "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citations omitted); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) ("It is well settled that an argument not raised on direct appeal is waived."). This Court granted Lara Salas' previous § 2255 motion and permitted the defendant to take a delayed appeal in July 2020. [Record No. 212] The defendant filed his appellate brief on June 30, 2021 and did not raise a claim for relief under *Rehaif*, although his brief was filed over two years after *Rehaif* was decided. [*United States v. Lara Salas*, Case No. 20-5968, at Record No. 35] Lara Salas did not provide any reason why the Court should excuse his failure to raise a *Rehaif* claim on direct appeal, although the record demonstrates that he had an adequate opportunity to do so.

But more importantly, the defendant's *Rehaif* claim fails on the merits. As mentioned previously, a defendant seeking relief under § 2255 must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Lara Salas has not demonstrated that failure to include a knowledge-of-status element in his jury instructions resulted in "a complete miscarriage of justice" during his trial. *Davis v. United States*, 417 U.S. 333, 346 (1974) (citation omitted).

In *United States v. Ward*, the Sixth Circuit rejected a defendant's argument that his § 922(g)(1) conviction should be overturned because his jury instructions did not include the knowledge-of-status element required under *Rehaif*. 957 F.3d 691, 695 (6th Cir. 2020). The

court held that the trial court's omission did not constitute plain error because "[t]he facts in the record do not suggest that had the jury been required to find that Ward knew he was a felon, that outcome of the proceeding would have been different." *Id.* Specifically, it found no harm resulting from the instructions given at trial because Ward had stipulated that he was a convicted felon on the date of the charged conduct and because the defendant failed to provide any reason why the government would not have been able to prove that he knew he was felon. *Id.*

Similarly, the Court's failure to expressly instruct the jury on the knowledge-of-status element at Lara Salas' trial did not prejudice this defendant. Like the defendant in *Ward*, Lara Salas stipulated at trial to the fact that he "was convicted of a felony offense prior to the alleged commission of the firearms offenses contained in counts 4 and 6 of the indictment." [Record No. 90, p. 1] "Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it." *United States v. Conley*, 802 F. App'x 919, 923 (6th Cir. 2020). And the defendant has not provided any information suggesting that the government would not have been able to prove that he knew he was a felon at the time of the offense. *See Greer v. United States*, 141 S. Ct. 2090, 2100 (2021) ("a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon.") Lara Salas has not suggested that failing to instruct the jury on the knowledge-of-status element affected the outcome of his case.

## IV. Evidentiary Hearing

Lara Salas requests an evidentiary hearing on the claims in his § 2255 motion. [Record No. 248, p. 2] Section 2255 provides that, "unless the motion and files and records of the case

conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Sixth Circuit has recognized that when a movant alleges facts that entitle him to relief, "a district court may only forego a hearing where 'the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (citation omitted).

Lara Salas is not entitled to an evidentiary hearing because the Court has already determined that his allegations lack merit. Notably, this Court held an evidentiary hearing regarding Lara Salas' claim that counsel failed to relay the government's plea offer to him and found that claim to be meritless. [*See* Record No. 166.] The Court noted that Darling "discussed . . . the plea offer that was made by the United States" with the defendant, effectively cross-examined witnesses at trial, and overall "provided very effective assistance of counsel." [*Id.* at pp. 17-18] The defendant has not demonstrated that he is entitled to further proceedings with respect to the claims discussed at the hearing on his request for new counsel.

The remaining claims do not require an evidentiary hearing because the record evidence demonstrates that Lara Salas is not entitled to relief. His claims that counsel failed to call witnesses and impeach government evidence, even if true, do not amount to constitutionally ineffective assistance. Similarly, Lara Salas' claim that Darling was ineffective for failing to challenge his sentence enhancement and his challenge pursuant to *Rehaif* amount to legal conclusions, not allegations of fact, and as such do not warrant an evidentiary hearing.

## V.  Certificate of Appealability

The Court must issue or deny a certificate of appealability when it enters a final order that is adverse to the movant in a § 2255 proceeding.  Rule 11 of the Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability may be issued only when the defendant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To satisfy this burden, the defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different way or that the issues involved were "adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4) (1983)).

In this case, reasonable jurists would not debate the Court's conclusions.  Darling communicated the government's plea offer to the defendant.  And even if he did not, Lara Salas cannot show that he would have accepted the government's plea offer if not for counsel's alleged failures.  Darling also exercised his reasonable professional judgment when he chose not to call Lara Salas' co-defendant as a witness or to object to the government's evidence. Further, counsel's failure to challenge Lara Salas' sentence enhancement under 21 U.S.C. § 841(b)(1) was reasonable because the defendant's prior conviction for possessing cocaine rendered him eligible for an enhancement under the statute at the time he was sentenced. Finally, the defendant's *Rehaif* claim fails because he has not demonstrated that the trial Court's failure to include the knowledge-of-status element in the jury instructions affected the outcome of his trial.

Because the defendant's arguments are clearly without merit based on record evidence, no certificate of appealability will issue.

### VI.  Conclusion

Lara Salas has not demonstrated that his trial attorney provided ineffective assistance under the standard set forth in *Strickland*, or that any error in the jury instructions "was so fundamental as to render the entire [trial] invalid." *Weinberger*, 268 F.3d at 351.  Accordingly, it is hereby

**ORDERED** as follows:

1.      Defendant/Movant Fernando Rafael Lara Salas' motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 [Record No. 242] is **DENIED**.  His claims are **DISMISSED**, with prejudice, and this collateral proceeding is **DISMISSED** and **STRICKEN** from the docket.

2.      A Certificate of Appealability will not issue.

3.      Lara Salas' request for an evidentiary hearing is **DENIED**.

Dated: April 28, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky